UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

**DAMON CLEMENTS, on his own behalf
and others similarly situated,**

      **Plaintiff(s),**

**v.**                                        Case No. 8:16-cv-03395-SDM-TBM

**RANDOLPH HOTEL, INC.,**

      **Defendant.**
_____/

## ANSWER AND DEFENSES OF DEFENDANT THE RANDOLPH HOTEL, INC.

Defendant The Randolph Hotel, Inc.[1] ("Defendant") hereby submits its Answer and Defenses to the Complaint of Plaintiff Damon Clements ("Plaintiff"), as follows:

1.    In response to Paragraph No. 1 of the Complaint, Defendant admits that it employed Plaintiff between 2014 and 2016 in Pinellas County, Florida and that Plaintiff purports to bring an action under the Fair Labor Standards Act, 29 U.S.C. § 201 *et seq.* (the "FLSA"). Defendant denies that Plaintiff is entitled to any relief in this action and denies the remaining allegations in Paragraph No. 1 of the Complaint.

2.    In response to Paragraph No. 2 of the Complaint, Defendant admits that it is a Florida corporation. Defendant denies the remaining allegations in Paragraph No. 2 of the Complaint.

3.    In response to Paragraph No. 3 of the Complaint, Defendant acknowledges that Plaintiff seeks relief in this action pursuant to the FLSA but denies that Plaintiff is entitled to relief. Defendant denies the remaining allegations in Paragraph No. 3 of the Complaint.

---

[1] The Complaint misidentifies Defendant as "Randolph Hotel, Inc."

4. In response to Paragraph No. 4 of the Complaint, Defendant acknowledges that this Court has jurisdiction but denies the remaining allegations in Paragraph No. 4 of the Complaint.

5. In response to Paragraph No. 5 of the Complaint, Defendant denies the allegations therein.

6. In response to Paragraph No. 6 of the Complaint, Defendant admits that Plaintiff used telephones and obtained supplies for the use of Defendant's guests, including guests from out of state and guests who reside in Florida. Defendant denies the remaining allegations in Paragraph No. 6 of the Complaint.

7. In response to Paragraph No. 7 of the Complaint, Defendant denies the allegations therein.

8. In response to Paragraph No. 8 of the Complaint, Defendant denies the allegations therein.

9. In response to Paragraph No. 9 of the Complaint, Defendant admits that it has not produced any documents to Plaintiff in response to the letter it received from Plaintiff dated October 21, 2016. Defendant denies the remaining allegations in Paragraph No. 9 of the Complaint.

**RECOVERY OF ALLEGED OVERTIME AND MINIMUM WAGE COMPENSATION**

10. In response to Paragraph No. 10 of the Complaint, Defendant reasserts and incorporates its responses to Paragraph Nos. 1-9 of the Complaint.

11. In response to Paragraph No. 11 of the Complaint, Defendant denies the allegations therein.

12. In response to Paragraph No. 12 of the Complaint, Defendant denies the allegations therein.

13. In response to Paragraph No. 13 of the Complaint, Defendant denies that Plaintiff has brought a claim under Article X, Section 24 of the Florida Constitution and denies the remaining allegations therein.

14. Defendant acknowledges Plaintiff's request for a jury trial.

In response to the unnumbered WHEREFORE clause following Paragraph No. 14 of the Complaint, Defendant denies that Plaintiff and any allegedly similarly situated employees are entitled to any of the relief requested and denies all allegations therein.

**Defendant denies all allegations not specifically admitted above.**

## AFFIRMATIVE AND OTHER DEFENSES

In asserting the defenses that follow, Defendant does not assume the burden of proof as to matters that, pursuant to law, are Plaintiff's burden to prove. In addition, Defendant is continuing to investigate Plaintiff's allegations; therefore, Defendant reserves the right to amend its Answer and defenses.

## FIRST DEFENSE

Some or all of Plaintiff's claims are barred by the doctrines of estoppel and/or waiver to the extent Plaintiff failed to demand additional compensation after a prolonged course of dealing.

## SECOND DEFENSE

Defendant acted in full compliance and conformity with and in reliance upon the FLSA and applicable laws, regulations, orders, opinions and interpretations, as well as with the enforcement policies with respect to the class of employers to which Defendant belongs. Defendant acted in good faith as a reasonably prudent entity would under the circumstances,

with a belief of reasonable compliance, and are not subject to any liability for their alleged failure to pay wages required by the FLSA.

### THIRD DEFENSE

Defendant acted in good faith and had reasonable grounds for believing that its acts were not in violation of the FLSA, and any claims for willful violations, or for liquidated damages, should be dismissed.

### FOURTH DEFENSE

Assuming, *arguendo*, that Plaintiff worked any hours that would qualify as compensable overtime under the FLSA, Defendant asserts that any insubstantial or insignificant periods of working time which, as a practical administrative matter, cannot be recorded precisely for payroll purposes, are *de minimis* and may be properly disregarded for payroll purposes, in accordance with 29 C.F.R. § 785.47.

### FIFTH DEFENSE

Assuming, *arguendo*, that Plaintiff worked any hours that would qualify as compensable overtime under the FLSA, Defendant is not subject to liability under the FLSA for any alleged failure to pay or overtime compensation for either "preliminary or postliminary activities" or for "walking, riding, or traveling to and from the actual place of performance of the principal activity or activities which such employee is employed to perform," in accordance with 29 U.S.C. § 254.

### SIXTH DEFENSE

Plaintiff has received all compensation to which he is entitled under the FLSA.

**SEVENTH DEFENSE**

In the event of a judgment adverse to Defendant, Plaintiff is not entitled to recover both liquidated damages and pre-judgment interest in an action arising under the FLSA.

**EIGHTH DEFENSE**

Even if Plaintiff prevails, Defendant is entitled to a set-off with respect to any monies paid to Plaintiff for any hours when Plaintiff was not performing work for Defendant, and for the value of the unjust enrichment resulting from Plaintiff's misconduct as described in the tenth defense, below.

**NINTH DEFENSE**

Plaintiff's claims are barred to the extent he was exempt from the overtime provisions of the FLSA, under the executive or administrative or other exemption(s).

**TENTH DEFENSE**

Plaintiff's damages are barred in whole or in part by the doctrine of unclean hands. Among other matters, Defendant paid substantial sums to Plaintiff because Plaintiff agreed, in return, to perform exempt job duties. If, as Plaintiff alleges, he was not primarily engaged in exempt duties, then he was using deceit to cause Defendant to pay him a salary while failing to perform the duties he had agreed to perform in return for his salary.

**ELEVENTH DEFENSE**

Plaintiff's claims must be dismissed because Defendant was not at the relevant time an enterprise engaged in commerce or the production of goods for commerce, Plaintiff was not an employee engaged in commerce or the production of goods for commerce, and therefore neither Defendant nor Plaintiff are covered by the FLSA.

**TWELFTH DEFENSE**

Plaintiff lacks standing to raise the claims he seeks to bring as a collective action.

**THIRTEENTH DEFENSE**

The type of claims that Plaintiff seeks to bring as a collective action are matters over which individual issues predominate and therefore are not appropriate for collective treatment.

**FOURTEENTH DEFENSE**

Plaintiff's claims are not similar, common, or typical to those of other alleged similarly situated individuals, and there is no basis in law or fact for a collective action.

**FIFTEENTH DEFENSE**

The claims set forth in the Complaint are barred, in whole, or in part, by the doctrine of payment because Defendant properly compensated Plaintiff and others with whom he is allegedly "similarly situated" for all time worked in accordance with the FLSA.

**SIXTEENTH DEFENSE**

Plaintiff and others with whom he is allegedly "similarly situated" have failed to mitigate or reasonably attempt to mitigate their alleged damages, if any, as required by law.

**SEVENTEENTH DEFENSE**

Plaintiff and others with whom he is allegedly "similarly situated" may not recover liquidated damages because (i) Defendant acted reasonably and in good faith and did not commit any willful violation of any of the provisions of the FLSA; (ii) Defendant did not authorize or ratify any willful violation with respect to Plaintiff and others with whom he is allegedly "similarly situated;" and (iii) Plaintiff and others with whom he is allegedly "similarly situated" have failed to plead facts sufficient to support recovery of such damages.

**EIGHTEENTH DEFENSE**

Plaintiff's Complaint is barred in whole, or in part, by § 10 of the Portal-to- Portal Act, 29 U.S.C. § 259 because Defendant relied in good faith on, and acted in conformity with, written interpretations of the FLSA promulgated by the Secretary of Labor and on the stated administrative practices and enforcement policies of the Department of Labor.

**NINETEENTH DEFENSE**

There has been no collective-wide injury alleged by the Plaintiff and the alleged class of "similarly situated" individuals, and the injuries for which recovery is sought by Plaintiff on behalf of the alleged collective action cannot be recovered without proof by each alleged collective action member as to the specific facts underlying the violations alleged by each member and the losses allegedly suffered as a direct and proximate result of each such alleged violation.

**TWENTIETH DEFENSE**

Plaintiff's Complaint does not state facts sufficient to certify a collective action under the Fair Labor Standards Act.

**TWENTY-FIRST DEFENSE**

To the extent Plaintiff alleges that he was subjected to an employment decision on the basis of alleged protected activity, all employment decisions regarding or affecting Plaintiff were based upon legitimate business reasons that were in no way related to Plaintiff's alleged protected activity.

**TWENTY-SECOND DEFENSE**

To the extent alleged protected activity was a factor in any adverse action alleged in the Complaint, which Defendant categorically denies, and to the extent Plaintiff asserts a claim for

alleged retaliation, Plaintiff may not recover damages because Defendant would have taken the same actions regardless of protected activity.

## **TWENTY-THIRD DEFENSE**

Some or all of Plaintiff's claims fail to state a claim upon which relief can be granted.

## **RESERVATION OF RIGHTS**

Defendant reserves the right to assert additional affirmative and other defenses and matters in avoidance that may be revealed through additional investigation and discovery.

**WHEREFORE**, having fully responded to the allegations in Plaintiff's Complaint, Defendant respectfully requests that:

   a. Plaintiff's claims be dismissed with prejudice in their entirety;

   b. Each and every prayer for relief in Plaintiff's Complaint be denied;

   c. Judgment be entered in Defendant's favor;

   d. All costs incurred by Defendant in this action be awarded to Defendant as the prevailing party;

   e. All reasonable attorneys' fees incurred by Defendant in this action be awarded to Defendant for, among other reasons, Plaintiff's commencing and litigating this action without substantial fact or legal support; and

   f. This Court grant Defendant such other and further relief as it deems just and appropriate.

Dated this 11th day of January, 2017.

Respectfully submitted,

FORDHARRISON LLP

s/ Ashwin R. Trehan
Tammie L. Rattray
Florida Bar No. 0128619
trattray@fordharrison.com
Ashwin R. Trehan
Florida Bar No. 0042675
atrehan@fordharrison.com

101 East Kennedy Blvd., Suite 900
Tampa, Florida 33602-5133
Telephone: (813) 261-7800
Facsimile: (813) 261-7899

Attorneys for Defendant

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on January 11, 2017, I filed the foregoing using the CM/ECF system, which will send a notice of electronic filing to:

W. John Gadd, Esq.
Bank of America Building
2727 Ulmerton Rd. Ste. 250
Clearwater, FL  33762
wjg@mazgadd.com

s/ Ashwin R. Trehan
Attorney

WSACTIVELLP:8926385.1

9