**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**TAMPA DIVISION**

DAMON CLEMENTS,

    Plaintiff,

v.                                  Case No. 8:16-cv-3395-T-23TBM

RANDOLPH HOTEL, INC.,          DISPOSITIVE MOTION

    Defendant.
_____/

**DEFENDANT'S MOTION FOR SUMMARY JUDGMENT, STATEMENT OF UNDISPUTED FACTS, AND INCORPORATED MEMORANDUM OF LAW**

The Court should enter summary final judgment against Plaintiff because the undisputed evidence establishes, as a matter of law, that:

(1)     Defendant has a gross revenue of less than $500,000 annually, and therefore is not a covered enterprise under the FLSA; *see* 29 U.S.C. §§ 207(a)(1) and 203(s)(1)(A)(i), (ii)(2014); and

(2)     Plaintiff was not engaged in commerce or in the production of goods for commerce while he worked for Defendant, and therefore is not individually covered under the FLSA. *See* 29 U.S.C. § 203(s)(1)(A)(i)(2014).

**BACKGROUND**

On December 12, 2016, Plaintiff Damon Clements ("Plaintiff") filed a Complaint against Defendant The Randolph Hotel, Inc.[1] ("Defendant" or the "Hotel"), asserting violations of the Fair Labor Standards Act ("FLSA"). [D.E. 1]. Plaintiff claims that he is owed overtime compensation and minimum wages. On January 11, 2017, Defendant filed an Answer and Affirmative Defenses. [D.E. 8].

---

[1] Plaintiff misidentifies the defendant in the Complaint and case caption as "Randolph Hotel, Inc."

## STATEMENT OF UNDISPUTED FACTS

1. The Randolph Hotel was a small, 44-room, local hotel with one location in Pinellas County, Florida that did not have gross revenue of $500,000 in any of the past 4 years, 2013, 2014, 2015, and 2016. [*See* Affidavit of Dale Schooley at ¶ 3, 16; hereinafter "Schooley Aff."].

2. The Hotel is no longer in operation, and The Randolph Hotel, Inc. dissolved on January 26, 2017. [Schooley Aff. at ¶ 20]. The Hotel's gross revenue in 2017 was less than $500,000. [Schooley Aff. at ¶ 21].

3. While it was in operation, the Hotel was an extended-stay hotel that primarily served local residents. [Schooley Aff. at ¶ 3-4].

4. Defendant does not produce any goods at all, nor does it provide any services outside Pinellas County; and it has never sought to do so. [Schooley Aff. at ¶ 15].

5. As reflected in its tax returns for the years 2013, 2014, and 2015, Defendant's annual gross receipts are far less than $500,000: $212,657 in 2013, $284,073 in 2014, $244,302 in 2015, and less than $300,000 (approximately $268,150) in 2016. [Schooley Aff. at ¶ 16].

6. In his sworn responses to Defendant's First Set of Interrogatories, Plaintiff identifies himself as a laborer/desk clerk who worked for Defendant between August 2014 and October 2016.[2] [Plaintiff's Responses to Interrogatory Numbers 4 and 6 of Defendant's First Set of Interrogatories, attached hereto as Exhibit A].

7. Plaintiff's job required him to collect room payments, rent out rooms, call in supply orders, write out maintenance issues, answer phones, keep the building safe and secure, and keep the building clean. *Id.* at p. 4.

---

[2] While Defendant disputes portions of Plaintiff's sworn interrogatory answers, those answers are accepted as true for purposes of the instant motion. *See Davis v. Williams,* 451 F.3d 759, 763 (11th Cir. 2006) (internal citations omitted).

8. Approximately once every three months, Plaintiff would place an order for cleaning supplies. The order would be placed via fax to a facility located in Orlando, Florida. [Schooley Aff. at ¶ 17].

9. Although Plaintiff occasionally used the telephone to order supplies, answer residents' questions or possibly make guest reservations, Plaintiff did not use a fax machine, e-mail, or any online services in connection with his job duties. [Schooley Aff. at ¶ 18].

10. When Plaintiff used the telephone, he did not solicit business from out-of-state customers. *Id.*

11. Defendant's residents were almost exclusively in-state or local residents. [Schooley Aff. at ¶ 4, 14].

12. Based on Defendant's business records –specifically, the rental agreements from 2014 through 2016 – only a handful of guests were from outside the State of Florida. [Schooley Aff. at ¶ 14].

13. Defendant's income was derived exclusively from room rentals. [Schooley Aff. at ¶ 22].

14. When Plaintiff collected room payments from residents, the payments were made by either cash or check. [Schooley Aff. at ¶ 11].

15. Most guests paid on a weekly basis with rates ranging from $130.00 to $185.00 per week. [Schooley Aff. at ¶ 13].

16. Plaintiff was not privy to the total revenue earned by Defendant for the period of time he was employed. [Schooley Aff. at ¶ 16].

17.     The Court may take judicial notice that, given the undisputed facts stated above, the maximum possible annual gross revenue, assuming full occupancy at the highest weekly rate, would be $423,280 ($185 per week X 52 weeks per year X 44 rooms).

## MEMORANDUM OF LAW

### A.     Summary Judgment Standard

Summary judgment may be entered only where there is no genuine issue of material fact. *Twiss v. Kury*, 25 F.3d 1551 (11th Cir. 1994). The moving party has the burden of meeting this standard. *Adickes v. S.H. Kress & Co.*, 398 U.S. 144 (1970). An issue of fact is "material" if it is a legal element of the claim under the applicable substantive law that might affect the outcome of the case. *Allen v. Tyson Foods, Inc.*, 121 F.3d 642 (11th Cir. 1997). It is "genuine" if the record taken as a whole could lead a rational trier of fact to find for the nonmoving party. *Id.*

Because a plaintiff bears the burden of establishing every element of his or her cause of action, to survive summary judgment, he must establish that there is a genuine issue of fact as to each element of a given claim. *Harris v. H & W Contracting Co.*, 102 F.3d 516, 523 (11th Cir. 1996). The failure to offer proof concerning an essential element of a cause of action "renders all other facts immaterial." *Zappa v. Wal-Mart Stores, Inc.*, 1 F.Supp.2d 1354, 1355 (M.D. Fla. 1998).

Importantly, while the Court must view the evidence and all factual inferences therefrom in the light most favorable to the nonmoving party, the nonmoving party "may not rest upon the mere allegations or denials of the adverse party's pleading, but the adverse party's response, by affidavits or as otherwise provided in this rule, must set forth specific facts showing that there is a genuine issue for trial." Fed. R. Civ. P. 56(e). "The mere existence of a scintilla of evidence in support of the [non-movant's] position will be insufficient; there must be evidence on which the

4

jury could reasonably find for the [non-movant]." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 252 (1986).

      **B.**      **It Is Plaintiff's Burden To Establish That The FLSA is Applicable**

In order for Plaintiff to be eligible for FLSA overtime, the Court must first find that he is "covered" by the FLSA. *Josdendis v. Wall to Wall Residence Repairs, Inc.*, 662 F.3d 1292, 1298 (11th Cir. 2011). The FLSA covers employees who are: (1) employed in an enterprise engaged in commerce or in the production of goods for commerce ("enterprise coverage") or (2) engaged in commerce or in the production of goods for commerce (""individual coverage"). 29 U.S.C. § 207(a)(1). Regardless of the type of coverage, however, <u>the burden is on the employee</u> to produce evidence establishing the FLSA's applicability. *See Thorne v. All Restoration Servs. Inc.*, 448 F.3d 1264, 1265-66 (11th Cir. 2006) ("employer is required to pay overtime compensation **if** the employee can establish enterprise coverage or individual coverage") (emphasis added). The undisputed facts herein conclusively demonstrate that Plaintiff was a laborer/desk clerk at a small hotel in Pinellas County, Florida, with annual revenue far less than the statutory minimum, who had no responsibilities even tangentially related to interstate commerce. Therefore, Plaintiff cannot establish either enterprise coverage or individual coverage under the FLSA, and the instant motion should be granted.

      **C.**      **Defendant Is Not Subject To Enterprise Coverage Under The FLSA**

In order for a business to be "engaged in commerce" for purposes of enterprise coverage, it must have employees handling goods or materials that have been moved in interstate commerce <u>and</u> must have annual gross volume of sales or business done in excess of $500,000. *See* 29 U.S.C. § 203(s)(1)(A)(i), (ii). (Emphasis added). In support of this Motion, Defendant has attached the Affidavit of Dale Schooley, the operator of The Randolph Hotel, and the tax

5

returns for Defendant, which show that enterprise coverage is inapplicable because Defendant grossed far less than the $500,000 threshold in all the past four years - $212,657 in 2013, $284,073 in 2014, $244,302 in 2015, and approximately $268,150 in 2016.[3]

An affidavit from an officer of a corporate defendant, along with the tax returns, has already been held sufficient by other courts in similar FLSA cases to establish that enterprise coverage is inapplicable. In fact, many courts have denied plaintiffs' requests to engage in limited discovery concerning such alleged coverage. *See, e.g. Cordero v. Red Grouper, Inc.*, No. 8:08-cv-127-T-30MAP, 2008 WL 1781158, at *1 (M.D. Fla. Apr. 17, 2008) (denying a motion to permit discovery limited to the issue of enterprise coverage and holding that tax returns are enough to decide the issue); *Lopez v. Top Chef Inv., Inc.*, No. 07-21598-CIV, 2007 WL 4247646, at *3 (S.D. Fla. Nov. 30, 2007) (rejecting plaintiff's conclusory assertions that the defendant had gross revenue that exceeded $500,000 annually, and accepting the figures on defendant's tax returns); *Russell v. Continental Restaurant, Inc.*, 430 F. Supp. 2d 521, 524 (D. Md. 2006) (rejecting plaintiff's request for limited discovery and disregarding plaintiff's argument that it was premature for the court to make a dispositive finding with respect to the gross volume of sales issue). *See also Stout v. St. Amour's Lawn Care, LLC*, No. 6:07-cv-1882-Orl-19UAM, 2008 WL 816818 (M.D. Fla. Mar. 25, 2009) (holding that an enterprise's total gross volume sales or business done may be determined from its tax returns).

Although Plaintiff was not involved in any fashion with Defendant's income or finances, Defendant anticipates that Plaintiff may submit a declaration asserting that Defendant's tax returns understate their income or are otherwise inconsistent with his belief about the amount of its actual income, given the amount of money he collected on a daily basis. Such a bare, self-

---

[3] Defendant denies that a four-year limitations period is applicable, but provides four years' worth of data for illustrative purposes.

6

serving, and conclusory assertion would be insufficient to call into doubt the corporate defendant's tax returns and arguments against enterprise coverage. *Lopez*, 2007 WL 4247646 at *3 (rejecting plaintiff's affidavit and conclusory statements challenging the amounts in the defendant's tax returns). To the extent Plaintiff attempts to use other former employees as witnesses to challenge Defendant's tax returns, their knowledge likewise would be insufficient to create a genuine issue of material fact. *See, e.g. Xelo v. Iaonnis Mavros and Gan Restaurant Corp.*, No. 03-CV-3665, 2005 WL 2385724 (E.D.N.Y. Sept. 28, 2005) (granting summary judgment to defendant and finding that "Plaintiff's and his co-workers' declarations asserting that defendants' tax returns were inconsistent with its expected income based on employees' personal observations were insufficient to create a question of material fact on the defendants' gross volume of sales."). Moreover, even if Defendant was at 100% occupancy for the entire year and charged its highest weekly rate of $185.00 per week for each room, the total revenue would be $423,280.00 annually. This is still below the $500,000 threshold to establish enterprise coverage.

### D. Plaintiff Is Not Individually Covered Under The FLSA

#### i. Plaintiff Was Not Engaged In Commerce

For Plaintiff to prove that he is individually covered under the FLSA, he must show he was "(1) engaged in commerce or (2) engaged in the production of goods for commerce." *Thorne v. All Restoration Services, Inc.*, 448 F.3d 1264 (11th Cir. 2006). Employees bear the burden of proof to establish that they were engaged in interstate commerce or in the production of goods for interstate commerce. *D.A. Schulte, Inc. v. Gangi*, 328 U.S. 108 (1946). In the Eleventh Circuit, to be covered under the FLSA, a plaintiff must "directly participat[e] in the actual movement of persons or things in interstate commerce." *Thorne*, 448 F.3d at 1266.

Another court has noted, "'[a]s a basic rule, if [the plaintiff] did not have any contact with out-of-state customers or businesses, he cannot be individually covered under the FLSA.'" *Darowski v. Wojewoda*, No. 3:15-cv-00803, 2016 WL 4179840, at *7 (D. Conn. Aug. 7, 2016).

Significantly, "[i]solated and sporadic activities, do not satisfy this requirement." *Reagor v. Okmulgee County Family Resource Center,* 501 F. App'x 805, 809 (10th Cir. 2012) (citing *Dent v. Giaimo*, 606 F. Supp. 2d 1357, 1360 (S.D. Fla. 2009)). Plaintiff may attempt to rely upon varied inapposite factors to support claim that he is individually covered – including that he ordered supplies that may have traveled in interstate commerce, accepted reservations from time-to-time for residents who may have been from out-of-state, or collected room payments. However, at bottom, Plaintiff's employment as a laborer/desk clerk at a small, local hotel, simply does not constitute the type of direct participation in interstate commerce that would place him within the ambit of the FLSA.

Ordering supplies – in this case, cleaning supplies – that might previously have traveled in interstate commerce does not constitute engaging in interstate commerce. *See Thorne*, 448 F.3d at 1267 (finding that "[w]hen goods reach the customer for whom they were intended, the interstate journey ends and employees engaged in any further intrastate movement of the goods are not covered under the Act") (citing *McLeod v. Threlkeld*, 319 U.S. 491 (1943); *Navarro v. Broney Automotive Repairs, Inc.*, 314 F. App'x 179, 180 (11th Cir. 2008) ("The automotive parts were removed from the flow of interstate commerce when they arrived at the auto parts stores."); *Scott v. K.W. Max, Inc.*, 256 F. App'x 244 (11th Cir. Oct. 2, 2007) (affirming summary judgment on FLSA coverage grounds)).

In this case, the fact that cleaning supplies from an in-state facility have passed in interstate commerce prior to arriving at the local hotel does not invoke individual coverage. *See,*

*e.g. Thorne*, 448 F.3d at 1267 ("Courts distinguish between merchants who bring commerce across state lines for sale and the ultimate consumer, who merely purchases goods that previously moved in interstate commerce for intrastate use. Therefore, a customer who purchases an item from Home Depot is not engaged in commerce even if Home Depot previously purchased it from out-of-state wholesalers."); *Russell v. Continental Restaurant, Inc.*, 430 F. Supp. 2d 521, 525 (D. Md. 2006) (stating that communications with vendors and processing credit card payments do not bring a plaintiff's claims within the ambit of the FLSA); *Martinez v. Palace*, 414 F. App'x 243 (11th Cir. 2011) (affirming holding that local restaurant cook was not engaged in commerce for purposes of individual FLSA coverage even if he handled food products and tools that had traveled in commerce). Plaintiff's ordering of these supplies did not move the goods *interstate*. Rather, Plaintiff ordered from a retailer supplier that may have previously moved in interstate commerce. The supplies were solely for local use. Therefore, Plaintiff has not engaged in interstate commerce.

Similarly, even if Plaintiff could proffer evidence that he occasionally made reservations for out-of-state guests (he cannot), this also does not establish individual coverage. For example, in *Dent*, the Court held that Plaintiff had failed to establish individual coverage despite evidence that approximately 70% of patients were not Florida residents because the plaintiff's contact with those patients was primarily local. 606 F. Supp. 2d at 1361. *See also Reagor*, 501 F. App'x at 810 (fact that employee was involved in providing accommodations to out-of-state residents did not establish individual coverage, where employee's work was local).

Further, someone who works locally is not individually covered by the FLSA simply because he engages in interstate communications. Instead, an employee is covered as a result of interstate communications only if the interstate communications are a substantial part of the

9

employee's job duties. *See Ying Shun Zhao v. Sunny 39 Hotel Corp.*, No. 14-CV-1847, 2015 WL 5307716, at *5 (E.D.N.Y. Sept. 10, 2015) (for individual coverage, activities such as use of mail, telephone, or telegraph for interstate communication must be a "substantial" part of the employee's work); Opinion Letter, FLSA, 1999 WL 1002373 (Mar. 5, 1999) ("[e]mployees . . . are individually covered under the FLSA if, in the performance of their duties, they . . . <u>regularly</u> handle interstate mail and telephone calls, engage in banking or credit card transactions, or receive or handle goods or materials from or destined for out-of-state sources") (emphasis added); *Russell*, 430 F. Supp. 2d at 526 (dismissing FLSA claim in absence of evidence that interstate communications were a regular part of plaintiff's job duties); *Reagor*, 501 F. App'x at 810 (plaintiff failed to state a claim in absence of allegation that her use of the telephone was a regular and recurrent part of her duties or that she used the telephone for interstate communications). Because Plaintiff made reservations and communicated primarily with local guests, and only occasionally communicated by telephone or took reservations from out-of-state guests, Plaintiff cannot show that this was a regular and recurrent part of his duties sufficient to establish that he was engaged in interstate commerce necessary to trigger individual coverage under the FLSA.

   Additionally, Defendant in no way solicited guests from out-of-state or had any intent to solicit guests from out-of-state as evidenced by its decision not to have a website and to only advertise locally with signage in front of the establishment and an advertisement in the Tampa Bay Times. In *Dent*, as a basis for individual coverage, the plaintiff argued that because 70% of the defendant's patients were not Florida residents she was entitled to individual coverage. 606 F. Supp. 2d at 1360-61. The court found that defendant was not engaged in interstate commerce despite the fact that the majority of his patients were from out-of-state because there

was no evidence to suggest that the defendant solicited business from patients while they were out of state or that any contact with those patients was regular or recurrent. *Id.*; *see also Williams v. Signature Pools & Spas, Inc.*, 615 F. Supp. 2d 1374, 1379 (S.D. Fla. 2009) (finding that although some of the defendant's customers may have had homes out-of-state, that said nothing about whether the defendant contracted with those customers across state lines; and the evidence of record is that the defendants only solicited and conducted business in Florida and therefore were not regularly engaged in interstate commerce). Similarly, here, there is simply no evidence to suggest that Defendant solicited business from out-of-state. Moreover, Plaintiff's contact with any with any out-of-state guests was not regular or recurrent. Thus, Plaintiff cannot establish that Defendant was engaged in interstate commerce.

Finally, collecting payments also is insufficient for purposes of establishing FLSA individual coverage. *See Crossley v. Armstrong Homes, Inc.*, No. 5:14-cv-636-Oc-30PRL, 2015 WL 2238347, at *3 (M.D. Fla. May 12, 2015) (plaintiff's duties of collecting money, making deposits, and running errands, among other things, was insufficient to establish that he was engaged in interstate commerce sufficient to entitled him to individual coverage under the FLSA). The fact that Plaintiff collected payments is of no consequence and does not bring him within the ambit of the FLSA because it fails to establish that he engaged in commerce or the production of goods for commerce.

> **ii. Plaintiff Was not Individually Engaged in the Production of Goods for Commerce**

Plaintiff does not and cannot allege that he was individually engaged in the production of goods for commerce. *See generally* Plaintiff's Complaint [D.E. 1]. Even if he had, however, his job duties were such that they would not constitute the production of goods for commerce under the FLSA. An employee is engaged in the production of goods for commerce if his "work is

11

closely related and directly essential to the production of goods for commerce." *Thorne*, 448 F.3d at 1268 (citing 29 C.F.R. §776.18). Plaintiff, as an employee of a small hotel whose guests were primarily local residents, did not resell any of the supplies ordered and did not produce any goods as contemplated by the FLSA. As stated above, the fact that Plaintiff may have served *some* guests from out-of-state does not mean that he was engaged in the production of goods.

    E.  **Additional Discovery would be Futile**

  To the extent Plaintiff argues that additional discovery is necessary before he can adequately respond to this Motion for Summary Judgment, such request for additional discovery would be futile as it would pertain to facts that are not material to the present matter. *See Shelton v. Bledsoe,* 775 F.3d 554, 568 (3d Cir. 2015) (stating that the district court is justified in granting summary judgment when discovery is incomplete when "the discovery request would pertain to facts that are not material to the moving party's entitlement to judgment as a matter of law."); *see also Adams v. Travelers Indem. Co. of Conn.*, 465 F.3d 156, 162 (5th Cir. 2006) (stating that a non-movant "cannot evade summary judgment simply by arguing that additional discovery is needed," but rather the non-movant must show why he needs additional discovery and how that discovery will create a genuine issue of material fact); *De Lage Landen Financial Servs. v. Dahlhauser*, 476 F. App'x 328, 331 (5th Cir. 2012) (affirming the district court's denial of additional discovery because the discovery sought was immaterial).

  Here, additional discovery would not (could not) create any genuine issue of material fact on the dispositive, threshold issue of FLSA coverage. Defendant's tax returns are what they are, and Plaintiff's job duties were what they were. The parties have engaged in sufficient discovery for Plaintiff to adequately respond to Defendant's motion. No additional discovery would

pertain to facts that are material to the present matter. Thus, to the extent Plaintiff requests additional discovery, this Court should deny that request.

## **CONCLUSION**

Defendant is not subject to enterprise coverage under the FLSA and Plaintiff is not individually covered by the FLSA. Therefore, summary judgment should be entered against Plaintiff and this action should be dismissed with prejudice.

WHEREFORE, Defendant The Randolph Hotel, Inc. respectfully requests that this Court dismiss Plaintiff's Complaint with prejudice and grant such further relief as the Court deems appropriate.

Respectfully submitted,

FORDHARRISON LLP

s/ Ashwin R. Trehan
Tammie L. Rattray
Florida Bar No. 0128619
trattray@fordharrison.com
Ashwin R. Trehan
Florida Bar No. 0042675
atrehan@fordharrison.com
Ashley N. Ward Singleton
Florida Bar No. 089426
awardsingleton@fordharrison.com

101 East Kennedy Blvd., Suite 900
Tampa, Florida 33602-5133
Telephone: (813) 261-7800
Facsimile: (813) 261-7899

Attorneys for Defendant

## **CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that on April 27, 2017, I filed the foregoing using the CM/ECF system, which will send a notice of electronic filing to:

W. John Gadd, Esq.
Bank of America Building
2727 Ulmerton Rd. Ste. 250
Clearwater, FL 33762
wjg@mazgadd.com

and

Kyle Lee, Esq.
P.O. Box 4476
Brandon, FL 33509-4476
Kyle@KyleLeeLaw.com

s/ Ashwin R. Trehan
Attorney

WSACTIVELLP:9065953.4