UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

DAMON CLEMENTS,

    Plaintiff,

v.                                                       CASE NO. 8:16-cv-3395-T-23TBM

RANDOLPH HOTEL, INC.,

    Defendant.
_____/

## **ORDER**

From August 2014 to October 2016, the Randolph Hotel in St. Petersburg, Florida, employed Damon Clements as a desk clerk. Clements answered the phone, occasionally ordered cleaning products from a supplier in Orlando, and checked guests into the 44-room, extended-stay hotel. Alleging an FLSA violation, Clements sues (Doc. 1) the Randolph Hotel, which moves (Doc. 21) for summary judgment and argues that neither "enterprise" nor "individual" coverage applies to Clements.

## **DISCUSSION**

The FLSA covers a company if the company's gross receipts equal or exceed $500,000 and if the company employs any person who either "engage[s] in commerce or in the production of goods for commerce" or "handl[es], sell[s], or otherwise work[s] on goods or materials that have been moved in or produced for commerce." 29 U.S.C. § 203(s)(1)(A)(i) and (ii). In 2013, 2014, and 2015, the hotel earned $212,657; $284,073; and $244,302, respectively. (Docs. 22-4 through 22-6,

which show the company's gross receipts)  Because the hotel earned less than $500,000 annually during Clements's employment, enterprise coverage is inapplicable.

Also, the FLSA covers an employee "engaged in commerce or the production of goods for commerce."  29 U.S.C. §§ 206(a) and 207(a)(1).  Under Section 203(b), "commerce" means "trade, commerce, transportation, transmission, or communication among the several States or between any State and any place outside thereof."  Not every employee who interacts with a person or company in another state engages in interstate commerce.  *McLeod v. Threlkeld*, 319 U.S. 491, 493 (1943) (explaining that "Congress did not intend that the regulation of hours and wages should extend to the furthest reaches of federal authority").  To benefit from the FLSA's minimum-wage and overtime provisions, an employee must "regularly" participate in interstate commerce, for example, by frequently calling a person in another state.  *Thorne v. All Restoration Serv., Inc.*, 448 F.3d 1264, 1266 (11th Cir. 2006).

Randolph Hotel argues that Clements engaged too irregularly with non-Floridians to qualify for individual coverage.  Several reasons might support the application of individual coverage to Clements.  First, Clements occasionally ordered cleaning supplies from a merchant in Orlando.  (Doc. 22 at 3; Doc. 24-1 at 2)  Even though the supplies likely originated outside Florida, Randolph Hotel correctly argues that Clements's purchase of the supplies fails to trigger individual coverage.

A person who buys from an in-state merchant an item that previously traveled across state lines engages in no interstate commerce even though the merchant bought the item from an out-of-state supplier. *Thorne*, 448 F.3d at 1267.

Second, Dale Schooley, who managed Randolph until the hotel's closing in late 2016, states that guests occasionally paid by check. (Doc. 22 at 2) Clements argues that "it is believed that [] some of the checks received by Plaintiff on behalf of Defendant came from banks outside of Florida." (Doc. 24 at 4) *Thorne* cites with approval *Kitchings v. Florida United Methodist Children's Home, Inc.*, 393 F.Supp.2d 1282 (M.D. Fla. 2005) (Presnell, J.), which rejects the plaintiff's argument that the use of a credit card constitutes interstate commerce. Under *Thorne* and *Kitchings*, the possibility that a foreign bank might process a payment from a plaintiff to an in-state merchant fails to establish individual coverage.

Third, Clements states that he "often . . . interacted with guests who were from states other than Florida" (Doc. 24-1 at 1), but the Randolph Hotel rebuts Clements's testimony by proffering a compilation of rental applications. (Doc. 22-1) Of the 73 applications in the compilation, 38 include a Florida address or a Florida workplace, 31 lack sufficient information to infer the applicant's previous residence, and just 4 evidence an applicant who moved to Florida from another state. (Doc. 22-1 at 67, 69, 87, and 93, the out-of-state applicants) The applications, which show that out-of-state guests infrequently and sporadically visited the Randolph Hotel, refute the assertion that Clements regularly interacted in person with guests from outside

Florida. *See Gregory v. Quality Removal, Inc.*, 2014 WL 5494448 at *7–*8 (S.D. Fla. Oct. 30, 2014) (Bloom, J.) (collecting authority to explain that "irregular and sporadic" interstate contacts fail to invoke individual coverage).

Fourth, Clements declares that he "often" communicated by phone with people outside Florida. (Doc. 24-1 at 1) Citing *Dent v. Giamo*, 606 F.Supp.2d 1357 (S.D. Fla. 2009) (Ryskamp, J.), Randolph Hotel argues that Clements "cannot establish that Defendant was engaged in interstate commerce." (Doc. 21 at 11) *Dent* grants summary judgment for the defendant partly because "no evidence" suggested that the plaintiff regularly communicated with out-of-state customers. 606 F.Supp.2d at 1316. In contrast to *Dent*, Clements's sworn declaration evidences regular, interstate communication as part of Clement's employment. Although Randolph Hotel could have submitted telephone records to foreclose Clements's argument, the hotel proffers no evidence to rebut Clements's testimony that he "often" communicated in interstate commerce. *See Gashlin v. Int'l Clinical Res.-US, LLC*, 2014 WL 3057383 at *4 (M.D. Fla. July 7, 2014) (Dalton, J.) (denying the defendant's motion for summary judgment and observing that the defendant failed to submit telephone records, which failure precluded determining the frequency of the plaintiff's interstate communication).

## CONCLUSION

The ordering of out-of-state supplies from an in-state supplier and the handling of a check drawn on a foreign bank fail to establish individual coverage.

The compilation of rental applications shows that Clements's in-person interactions with out-of-state guests were irregular, and Clements's declaration fails to create a factual dispute as to the in-person interactions. But Clements's declaration evidences regular telephonic communication with people outside Florida as part of Clements's employment. Because the Randolph Hotel fails to exclude the possibility that individual coverage applies in this action, the motion (Doc. 21) for summary judgment is **DENIED**.

ORDERED in Tampa, Florida, on May 19, 2017.

_____
STEVEN D. MERRYDAY
UNITED STATES DISTRICT JUDGE